**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4052**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARIO LARON WAITERS, a/k/a Mario Larow Waiters,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:17-cr-00161-CMH-1)

Submitted: November 30, 2018                    Decided: January 16, 2019

Before GREGORY, Chief Judge, AGEE, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Gregory T. Hunter, Arlington, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Katherine L. Wong, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mario Laron Waiters was convicted after a bench trial of possessing a firearm and ammunition after having been convicted of a felony, 18 U.S.C. § 922(g) (2012), and received a below-Guidelines sentence of 60 months' imprisonment. He appeals, challenging the denial of his motion to suppress and the reasonableness of his sentence. Finding no error, we affirm.

Construing the facts in the light most favorable to the Government, *United States v. Watson*, 703 F.3d 684, 689 (4th Cir. 2013), the evidence before the district court established the following. As part of a state criminal investigation into credit card fraud and identity theft, officers of the Fairfax County Police Department obtained 14 separate arrest warrants for Waiters, issued by three different magistrates. Each of the warrants included information required under Virginia law: the crime for which Waiters was being charged, date of offense, description of conduct, and that the issuing magistrate "found probable cause to believe that the Accused committed the offense charged, based on the sworn statements of" named investigating officers. *See* Va. Code Ann. §§ 19.2-71, 19.2-72 (West 2016).

Waiters was arrested pursuant to the warrants. At the time of his arrest, Waiters was carrying a backpack; a search of the backpack incident to his arrest revealed a loaded Taurus revolver and a set of brass knuckles. Waiters was subsequently indicted for possession of a firearm by a convicted felon.

Waiters moved to suppress the gun on the grounds that the arrest warrants were not supported by probable cause. Therefore, he argued, the gun was the fruit of an

2

unlawful seizure. The district court denied the motion, finding that the good faith exception provided by *United States v. Leon*, 468 U.S. 897 (1984) applied. At the conclusion of a bench trial, the district court found Waiters guilty.

Based on a total offense level of 22 and a criminal history category of V, Waiters' advisory Guidelines range was 77 to 96 months' imprisonment. The court imposed a below-Guidelines sentence of 60 months. Waiters appeals, challenging both the denial of his suppression motion and the reasonableness of his sentence.

We review the district court's factual findings regarding the motion to suppress for clear error, and the court's legal conclusions de novo. *United States v. Lull*, 824 F.3d 109, 114 (4th Cir. 2016). "When, as here, a motion to suppress has been denied, [this court] view[s] the evidence presented in the light most favorable to the government." *Watson*, 703 F.3d at 689.

"It is well settled that a search incident to a lawful arrest is a traditional exception to the warrant requirement of the Fourth Amendment." *United States v. Currence*, 446 F.3d 554, 556 (4th Cir. 2006) (internal quotation marks omitted). "[W]hen law enforcement officers have probable cause to make a lawful custodial arrest, they may— incident to that arrest and without a warrant—search the arrestee's person and the area within his immediate control." *Id.* (internal quotation marks omitted); *see Chimel v. California*, 395 U.S. 752, 764 (1969) (the exception to the warrant requirement for a search incident to arrest includes searching defendant and things in his immediate area to protect officer safety and to prevent the destruction of evidence).

Waiters argues that the search incident to arrest doctrine does not apply here because the arrest itself was unlawful; specifically, Waiters claims that the arrest warrants were obtained without a proper showing of probable cause because there was no written affidavit or recording of the proceedings before the state magistrates who issued the warrants and that the district court erroneously found that the *Leon* good faith exception applied.

When a defendant challenges both probable cause and the applicability of the good faith exception, this court may proceed directly to the good faith analysis without first deciding whether the warrant was supported by probable cause. *Leon*, 468 U.S. at 925. The applicability of the good faith exception is a legal conclusion that this court reviews de novo. *United States v. Stephens*, 764 F.3d 327, 334-35 (4th Cir. 2014).

Pursuant to the good faith exception, evidence obtained from an invalid warrant will not be suppressed if the officer's reliance on the warrant was "'objectively reasonable.'" *United States v. Perez*, 393 F.3d 457, 461 (quoting *Leon*, 468 U.S. at 922). *Leon* identifies four circumstances in which an officer's reliance on a warrant would not so qualify: (1) when the magistrate in issuing the warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) when the issuing magistrate has "wholly abandoned" his detached and neutral judicial role; (3) when a supporting affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and (4) when a warrant is so facially deficient that no reasonable officer could presume its validity. *Leon*, 468 U.S. at 923 (internal quotation marks omitted).

4

Here, there is nothing in the record to indicate that any of these exceptions apply. Indeed, the warrants were facially valid under established Virginia law. *See* Va. Code Ann. § 19.2-71, 19.2-72. Accordingly, we find that the officers had an objectively reasonable good faith belief that their conduct was lawful and, therefore, the district court did not err in denying Waiters' motion to suppress.

Waiters also claims that the district court failed to address his arguments for a lesser sentence, even though the court imposed a below-Guidelines sentence. "[A]ny sentence, within or outside of the Guidelines range, as a result of a departure or a variance, must be reviewed by appellate courts for reasonableness pursuant to an abuse of discretion standard." *United States v. Diosdado-Star*, 630 F.3d 359, 365 (4th Cir. 2010); *see also Gall v. United States*, 552 U.S. 38, 51 (2007); *Rita v. United States*, 551 U.S. 338, 350 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.*; *see United States v. Lynn*, 592 F.3d 572, 575 (4th Cir. 2010). This court first decides whether the district court correctly calculated the defendant's advisory Guidelines range, considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. *Id*. at 575-76; *see United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009). The district court is not required to "robotically tick through § 3553(a)'s every subsection." *United States v. Johnson,* 445 F.3d 339, 345 (4th Cir. 2006). However, the district court "must place on the record an individualized assessment based on the particular facts of the case before it." *Carter*, 564 F.3d at 330 (internal quotation marks omitted).

If this court concludes that a sentence is free of significant procedural error, this court then considers the substantive reasonableness of the sentence. *Lynn*, 592 F.3d at 575. A sentence within the correctly calculated Guidelines range is presumptively reasonable. *United States v. Abu Ali*, 528 F.3d 210, 261 (4th Cir. 2008). The burden rests with the defendant to rebut the presumption by demonstrating "that the sentence is unreasonable when measured against the § 3553(a) factors." *United States v. Montes-Pineda*, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Here, Waiters does not challenge the calculation of his advisory Guidelines range. Rather, Waiters' sole claim regarding his sentence is that the district court failed to adequately consider all the arguments raised at his sentencing hearing. However, we have reviewed the transcript of the hearing and, although the district court's discussion is brief, the court considered the relevant § 3553(a) factors and explained its chosen sentence. *See United States v. Boulware*, 604 F.3d 832, 837 (4th Cir. 2010) (holding that the sentencing court need not "necessarily issue a comprehensive, detailed opinion," though "the court's explanation must nonetheless be sufficient 'to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'") (quoting *Rita*, 551 U.S. at 356).

We find that the district court properly calculated Waiters' advisory Guidelines range, considered the relevant § 3553(a) factors, and adequately addressed Waiters' arguments for a lesser sentence. Thus, the court committed no procedural error and Waiters cannot overcome the presumption of reasonableness accorded his below-Guidelines sentence.

Accordingly, we affirm the judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*